UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCCOY and MARCUS MCCOY | Case Number |
| Plaintiffs, | CIVIL COMPLAINT |
| vs. | |
| ACADEMY COLLECTION SERVICES | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiffs, John McCoy and Marcus McCoy, by and through his undersigned counsel, Brent Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1. Plaintiff is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.  JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III.   PARTIES

4. Plaintiffs, John McCoy and Marcus McCoy, are adult individuals and citizens of the State of Mississippi, with an address of 599 Lumpkin Avenue, Tupelo, MS 38801.

5. Defendant, Academy Collection Services, ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business at 10965 Decatur Road, Philadelphia, PA 19154.

6. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7. John McCoy is the father of co-plaintiff, Marcus McCoy.

8. Co-plaintiff, John McCoy, received a call on his home phone, 662-841-9538, from Defendant on October 22, 2008. The Defendant called from 856-668-4132. This harassing call is relative to an alleged consumer debt owed by co-plaintiff, Marcus McCoy.

9. Co-plaintiff, John, answered the phone at approximately 7:40 p.m. The defendant's representative, Bill, asked for Marcus. John informed the representative that

he was not Marcus.  Bill said, "Boy, put Marcus on the phone."  John told Bill that Marcus was not available.  Bill demanded to John "Boy, go get Marcus.  Pull him by the ear and drag him to the phone!"  Bill said "What?  You aren't intelligent enough to understand what I just said!"  "Put Marcus on the phone now because he's not going to like what's gonna happen to him!"

10. Co-plaintiff, John, told Defendant the call was being recorded, even though it wasn't.  At that point, Bill hung up the phone.

11. Plaintiffs are African-American.

12. Co-plaintiff, John, called the phone number that was on his caller identification and the telephone was answered by an agent of the Defendant which identified the company as "ACS".  A female representative who did not identify herself hung up on John McCoy once he started to explain what had transpired during the previous telephone conversation.

13. John McCoy called the number again and spoke with the "manager, Sue Moore."  Ms. Moore expressed disbelief that co-plaintiff had been treated in such a condescending, abusive and racially discriminatory manner that he described.

14. Defendant has never cited the mini-Miranda nor disclosed the nature of the debt.

15. Defendant has never sent written communication regarding the alleged debt to the Plaintiff.

16. The harassing and condescending third party contact is a violation of the FDCPA and is laced with racially discriminatory remarks.

## V.   COUNT I
## FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

17. The above paragraphs are incorporated herein by reference.

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:  15 U.S.C. 1692 b(1), c(b), d,  d(2), d(6), e(11),  f, and g.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief.

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Defendant and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## VI.     COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. The above paragraphs are incorporated herein by reference.

21. Defendant intentionally and unlawfully telephoned John McCoy and spoke to him in a manner that was malicious, intentional, willful, wanton, and grossly insulting when the Defendant's agent, "Bill" said, "Boy, put Marcus on the phone", "Boy, go get Marcus. Pull him by the ear and drag him to the phone!", further stated "What? You aren't intelligent enough to understand what I just said!", and/or with reckless disregard for the same.

22. Defendant intentionally and unlawfully used racially prejudicial and discriminatory language with the intention that plaintiff would suffer emotional disturbance, and/or with reckless disregard for the same.

23. As a direct result of the aforesaid unlawful intentional, and/or reckless misconduct by defendant, plaintiff has suffered severe emotional disturbance which is, or may be, permanent in nature, all to his great financial loss and detriment.

24. As a further direct result of the aforesaid unlawful, intentional, and/or reckless misconduct by defendant, plaintiff has been caused to undergo and experience in the past, and will or may continue to undergo and experience in the future, severe humiliation and embarrassment, all to his great financial loss and detriment.

WHEREFORE, plaintiff demands judgment against defendant for compensatory and punitive damages in addition to reasonable attorney's fees, expenses, costs of suit and such additional relief as is deemed just and proper in a sum in excess of fifty thousand dollars ($50,000.00).

## VII.  COUNT III

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

25. The above paragraphs are incorporated herein by reference.

26. Defendant's misconduct with regard to the telephone communication with the Plaintiff, John McCoy, as stated above, was negligent with respect to plaintiff since a reasonably prudent person exercising due care would have refrained from such misconduct, in part, because of the unreasonable risk that such misconduct would be heard and realized by plaintiff, and that plaintiff would thereby be caused serious bodily harm and emotional injury.

27. As a direct result of the aforesaid negligence by defendant, plaintiff has suffered severe emotional disturbance which is, or may be, permanent in nature, all to her/his great financial loss and detriment.

28. As a further direct result of the aforesaid negligent misconduct by defendant, plaintiff has been caused to undergo and experience in the past, and will or may continue to undergo and experience in the future, severe humiliation, and embarrassment, all to her/his great financial loss and detriment.

WHEREFORE, plaintiff demands judgment against defendant for compensatory and punitive damages in addition to reasonable attorney's fees, expenses, costs of suit and such additional relief as is deemed just and proper in a sum in excess of fifty thousand dollars ($50,000.00).

### VIII.   JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

BY:   \_\_/s/Brent F. Vullings_____
      Brent F. Vullings, Esquire
      1603 Rhawn Street
      Philadelphia, PA  19111
      215-745-9800   Fax 215-745-7880
      Attorney for Plaintiffs

Dated:  November 4, 2008